```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
SHURIZ HISHMEH, M.D., PLLC, as
Assignee of Barbara D. Rydlewski,

                Plaintiff,
                                         MEMORANDUM & ORDER
        -against-                        16-CV-5736(JS)(ARL)

AETNA HEALTH INC., doing business as
Aetna,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:      Michael G. Levin, Esq.
                    Levin & Chetkof LLP
                    265 Post Avenue, Suite 290
                    Westbury, New York 11590

For Defendant:      Christopher Abatemarco, Esq.
                    Connell Foley
                    85 Livingston Avenue
                    Roseland, New Jersey 07068
```

SEYBERT, District Judge:

Plaintiff Shuriz Hishmeh, M.D., PLLC ("Dr. Hishmeh") filed this lawsuit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., alleging that Defendant Aetna Life Insurance Company[1] refuses to make full payment for medical services rendered for a patient. Aetna's health care plan, however, prohibits any assignments of payment to "out-of-network" health care providers like Plaintiff. Based on

---

[1] The Clerk of the Court is respectfully directed to amend the caption to substitute "Aetna Life Insurance Company" as the defendant. (See Def.'s Br., Docket Entry 11-1, at 1, 3 n.1.)

this provision and the Second Circuit's decision in McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141 (2d Cir. 2017), the Court GRANTS Aetna's motion to dismiss the Complaint. (Docket Entry 11.)

BACKGROUND[2]

Dr. Hishmeh, an orthopedic physician, is an "out-of-network" provider for a patient, Barbara D. Rydlewski ("Rydlewski"), whose Aetna health care plan (the "Plan") is governed by ERISA. (Compl., Docket Entry 1-1, ¶¶ 1-2, 23.) Rydlewski allegedly assigned her rights and benefits under the Plan to Dr. Hishmeh. (Id. ¶¶ 7, 17.) Aetna refused to make full payment and Dr. Hishmeh filed this lawsuit through his medical practice as the alleged assignee of Rydlewski seeking reimbursement for the medical services he rendered. (Id. ¶ 27.)

But Aetna's health care plan has an anti-assignment provision for "out-of-network" health care providers:

> Coverage may be assigned only with the written consent of Aetna. To the extent allowed by law, Aetna will not accept an assignment to an out-of-network provider, provider or facility including but not limited to, an assignment of:
>
> - The benefits due under this group insurance policy;
> - The right to receive payments due under this group insurance policy; or

---

[2] The Court accepts all well-pled facts as true and draws all reasonable inferences in Plaintiff's favor. Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir. 2006).

2

- Any claim you make for damages resulting from a breach or alleged breach, of the terms of this group insurance policy.

(Plan, Def.'s Br. Ex. C, Docket Entry 11-5, at 6 (emphasis added).)[3] Dr. Hishmeh does not allege that Aetna provided written consent of the assignment, but at any rate, Aetna issued a partial payment to Dr. Hishmeh. (Compl. ¶ 27.) In moving to dismiss the Complaint, Aetna contends that Dr. Hishmeh lacks standing to sue based on this anti-assignment provision, (Def.'s Br. at 8-12). In the alternative, Aetna argues that Dr. Hishmeh failed to exhaust administrative remedies. (Def.'s Br. at 12-14.)

DISCUSSION

I. Standard of Review

To avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

While conducting this analysis, this Court may consider "any written instrument attached to [the complaint] as an exhibit,

---

[3] This page number corresponds with CM/ECF's numeration of Docket Entry 11-5.

materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004) (internal quotation marks and citations omitted). Thus, the Court will consider Aetna's health care plan documents. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (noting that a document is "integral" if the complaint "relies heavily upon its terms and effect" (internal quotation marks and citation omitted)).

II. Anti-Assignment Provision

"A person owed benefits under ERISA may bring a civil suit to recover those benefits pursuant to ERISA Section 502(a)(1)(B)." Prof'l Orthopaedic Assocs., PA v. 1199SEIU Nat'l Benefit Fund, --- F. App'x ----, 2017 WL 3887988, at *1 (2d Cir. Sept. 6, 2017) (citing 29 U.S.C. § 1132(a)(1)(B)). Pertinently, the Second Circuit allows health care providers to bring claims under Section 502 so long as "there is a valid assignment [from the patient] that comports with the terms of the benefits plan." Id.

The Second Circuit Court of Appeals recently reviewed Aetna's anti-assignment provision in an unrelated case. See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc., 857 F.3d 141 (2d Cir. 2017) (analyzing whether a promissory-estoppel claim was preempted). There, the court determined that an "out-

of-network" health care provider did not have a valid assignment under Aetna's health care plan. Id. at 148. Indeed, Aetna's policy language is clear: although "[c]overage may be assigned . . . with the written consent of Aetna[,] . . . Aetna will not accept an assignment to an out-of-network provider." (Plan at 6.)

What is more, the Second Circuit implicitly rejected Plaintiff's argument (Pl.'s Br. at 8-9) that a partial payment voids the anti-assignment provision, McCulloch, 857 F.3d at 144, 148 (concluding that assignment was prohibited even though Aetna reimbursed the "out-of-network" health care provider with a partial payment); (see also Plan at 9 ("Aetna has the right to pay any health benefits to the service provider.")). Nor did the court state that the anti-assignment provision constitutes a waiver under New York law, (Pl.'s Br. at 11-12), or invokes New York breach-of-contract principles (id. at 10). Indeed, ERISA "'completely preempts any state-law cause of action that 'duplicates, supplements, or supplants an ERISA remedy.'" McCulloch, 857 F.3d at 145 (quoting Montefiore Med. Ctr. v. Teamsters Local 272, 642 F.3d 321, 327 (2d Cir. 2011)); see also Devlin v. Empire Blue Cross & Blue Shield, 274 F.3d 76, 85 n.5 (2d Cir. 2001) ("[I]n ERISA cases, state law does not control. Instead, general common law principles apply."). Finally, Plaintiff contends, (Pl.'s Br. at 10-11), that Aetna was required to notify Dr. Hishmeh that it did not accept the assignment--an

5

argument rejected by the Southern District in <u>Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice HMO, Inc.</u>, No. 13-CV-6551, 2014 WL 4058321 (S.D.N.Y. Aug. 15, 2014) ("That defendants did not raise the anti-assignment provision at the time they denied or reduced payment is irrelevant because the anti-assignment provision was not a factor determining the payment amount. Plaintiffs' argument is simply another way of re-arguing that defendants waived the anti-assignment provision by making direct payments to plaintiffs--an argument courts have repeatedly rejected."). In light of the above, Dr. Hishmeh's sole cause of action is DISMISSED WITH PREJUDICE.[4]

III. <u>Leave to Amend</u>

"When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint," <u>Hayden v. Cty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999), unless doing so would be futile, <u>Darden v. DaimlerChrysler N. Am. Holding Corp.</u>, 191 F. Supp. 2d 382, 399 (S.D.N.Y. 2002). Based on binding Circuit precedent, the Court concludes that further amendments would be futile and thus DENIES leave to amend.

---

[4] In light of the <u>McCulloch</u> decision, the Court need not analyze Aetna's alternative argument that Plaintiff failed to exhaust its administrative remedies. But the Court notes that Plaintiff failed to plead that he exhausted administrative remedies or that doing so would be futile.

6

## CONCLUSION

Defendant's motion to dismiss (Docket Entry 11) is GRANTED, and Plaintiff's claims are DISMISSED WITH PREJUDICE. The Clerk of the Court is respectfully directed to enter judgment in favor of Defendant and mark this matter CLOSED. For the purposes of any appeal, the Clerk of the Court is also directed to amend the caption to substitute "Aetna Life Insurance Company" for "Aetna Health Inc." as the defendant in this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  25 , 2017
       Central Islip, New York